# United States Court of Appeals

FOR THE EIGHTH CIRCUIT

_____

No. 97-1979

_____

| | |
|---|---|
| Brandon D. Smith, | * |
| | * |
| Plaintiff - Appellant, | * Appeal from the United States |
| | * District Court for the |
| v. | * District of North Dakota. |
| | * |
| Dan Glickman, Secretary, United States | * |
| Department of Agriculture, | * |
| | * |
| Defendant - Appellee. | * |

_____

Submitted: November 18, 1997
Filed: March 27, 1998

_____

Before BEAM, HEANEY and JOHN R. GIBSON, Circuit Judges.

_____

PER CURIAM.

Brandon D. Smith appeals the district court's[1] dismissal of his complaint seeking review of several adverse decisions by the Merit Systems Protection Board. He also appeals the dismissal of his discrimination claims based on age, disability and retaliation. We affirm.

_____

[1]The Honorable Patrick A. Conmy, United States District Judge for the District of North Dakota.

Smith was employed as a Soil Scientist for the Soil Conversation Service, United States Department of Agriculture. He worked at the Mandan Field office in North Dakota. During 1991 and 1992, Smith filed grievances with his agency, as well as complaints with the Equal Employment Opportunity Commission, the Occupational Safety and Health Administration, the Office of Inspector General, and the General Accounting office. Among other things, Smith complained about his job assignments, performance goals, alleged nepotism and fraud, safety violations, and failure to accommodate his disability (sleep apnea and asthma). He also filed four complaints with the Merit Systems Protection Board with respect to his 1991 "unacceptable" performance appraisal, a five-day suspension for insubordination, the withholding of a within-grade salary increase, and a 1992 "unacceptable" performance appraisal.[2] Smith alleged these actions were discriminatory based on his age (forty-two), his disability, and in retaliation for his whistleblowing activities and filing Equal Employment Opportunity complaints.

In a series of decisions, the Merit Systems Review Board ruled against Smith. Smith appealed to the district court seeking review of these decisions. He also sued the agency for discrimination.

The district court held there was sufficient evidence to support the findings of the administrative law judges, and that Smith's claims of retaliation were not supported by the record. The court further held that a review of the Equal Employment Opportunity record did not support any age, disability, or retaliation claims.

We review the adverse agency action on the administrative record, and we review the discrimination claim de novo. Crawford v. Runyon, 37 F.3d 1338, 1340 (8th Cir. 1994).

---

[2]Smith was ultimately fired in 1996; his termination is not part of this appeal.

Like the district court, we must affirm a decision of the Board unless it was "arbitrary, capricious, an abuse of discretion, procedurally infirm, or not supported by substantial evidence."  <u>Id.</u>  at 1340-41. Although Smith argues that his performance appraisals were tainted with reprisal for physical handicaps, protected disclosures, and EEO complaints, he concedes that he did not meet production goals. There is substantial evidence to support each of the Board's decisions.

Likewise, we conclude that the court properly rejected Smith's discrimination claims.  The evidence established that the agency reasonably accommodated Smith's known disability by reducing his workday and requiring him to wear a filtered breathing apparatus while doing field work.  <u>See</u> <u>McAdams v. United Parcel Service, Inc.</u>, 30 F.3d 1027, 1030 (8th Cir. 1994). Smith has produced no evidence to undermine the overwhelming evidence that the personnel actions were based on poor job performance, and not age animus or retaliation.  <u>See</u> <u>Berg v. Bruce</u>, 112 F.3d 322, 327 (8th Cir. 1997).

We affirm the district court's dismissal of Smith's complaint.

A true copy.

    Attest:

        CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.